UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEBBIE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:07CV00703-ERW |
| | ) | |
| MARC LUCKETT, M.D., et. al., | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant SSM Health Care St. Louis's ("Defendant St. Mary") Motion to Dismiss for failure to file a health care affidavit [doc. # 4], Defendant Marc A. Luckett, M.D's. ("Defendant Luckett") Motion to Substitute and Motion to Dismiss for Failure to File an Administrative Claim [doc. # 6], and Plaintiff Debbie Brown's ("Plaintiff") Motion to Remand [doc. # 12].

## I. FACTUAL BACKGROUND[1]

Plaintiff went to Defendant Luckett on June 9, 2004 for a gynecological consultation at People's Health Center. People's Health Center is the employer of Defendant Luckett. At that time Defendant Luckett prescribed Plaintiff medication and told her to return in thirty days to discuss surgery. Plaintiff returned and surgery was scheduled for September 2, 2004. During the surgery, Defendant Luckett performed a total abdominal hysterectomy. This operation was performed at St. Mary's Health Center.

---

[1] The Court's recitation of the facts is taken from Plaintiff's complaint, as all allegations are presumed true at this stage of the proceedings.

1

Plaintiff claims that staples, which held the wound together after the surgery, were removed on September 5, 2004 a few days after the operation; Plaintiff was then sent home. Plaintiff contends that the staples were removed prematurely. Plaintiff states that she was told that the staples should remain in for two weeks. Plaintiff further alleges the premature removal of the staples caused the wound to become infected and bleed profusely. Plaintiff returned to Defendant St. Mary's emergency room on September 9, 2004, due to wound separation and an infection. Defendant Luckett, assisted by employees of Defendant St. Mary's, cleaned the wound and sewed it up on September 10, 2004. Plaintiff again returned to Defendant St. Mary's emergency room on September 27, 2004, due to wound infection and separation. Plaintiff returned to Defendant St. Mary's emergency room a third time on November 16, 2004 and a fourth time on December 20, 2004, due to complaints of pain.

## II. PROCEDURAL BACKGROUND

Plaintiff filed her petition on August 25, 2006 against Defendants for medical malpractice in the Circuit Court for the City of St. Louis, against Defendant Luckett in Count I and against Defendant ST. Mary's in Count II. Defendant St. Mary's filed an Answer and Motion to Transfer Venue in state court on October 19, 2006, and a Motion to Dismiss for Failure to File Health Care Affidavit on December 27, 2006. Defendant St. Mary's Motion to Transfer Venue was heard on March 5, 2007, and venue was transferred to the Circuit Court for St. Louis County. A Notice of Removal was filed by Defendant Luckett on April 11, 2007.

After the case was removed, Defendant St. Mary's filed a Motion to dismiss on April 13, 2007, for failure to a file health care affidavit. Defendant Luckett filed a Motion to Substitute Party, which included a Motion to Dismiss for failure to file an administrative claim, on April 16,

2

2007. Plaintiff filed a motion to Remand on May 9, 2007, followed by Defendant St. Mary's Notice of Consent to Removal on May 11, 2007. The Court will address all pending motions at this time.

**III. MOTION TO SUBSTITUTE[2]**

Defendant Luckett has filed a Motion to Substitute the United States in place of Defendant Luckett under the Federal Tort Claims Act ("FTCA"),[3] as he asserts that he was a federal employee at the time of the incident. Plaintiff argues that the United States should not be substituted in place of Defendant Luckett because Defendant Luckett was not working in his capacity as a federal employee at the time of the alleged malpractice, but as an employee of Defendant St. Mary's. Defendant Luckett responds that the certification by the United States Attorney, which Defendant Luckett submitted with his Motion to Substitute, constitutes a prima facie showing that he was working as a federal employee at the time of the incident. Defendant Luckett further asserts that the Plaintiff has failed to provide any evidence to rebut the United States Attorney's certification. The issue before the Court is whether Defendant Luckett was acting within the scope of his employment as a federal employee when the alleged negligence took place.

The focus is whether Defendant Luckett was working for People's Health Center, making

---

[2]The Motion to Substitute must be decided before the court can rule on the Motion to Remand as well as both Motions to Dismiss.

[3]The FTCA provides an exclusive remedy for victims of torts committed by federal employees. 28 U.S.C. § 2679(b)(1). Therefore, if Defendant Luckett was a federal employee at the time of his alleged negligence, the United States should be substituted as a Defendant. 28 U.S.C. § 2679 (d)(1).

3

him a federal employee, or for St. Mary's, a private hospital. The question of Defendant Luckett's status is a question of law to be decided by the Court. *See RMI Titanium Co. v. Westinghous Electric Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996)("[w]hether an employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred"). When an action is brought against a defendant certified by the Attorney General to be acting within the scope of his employment as a federal employee, the United States should be substituted as the defendant as required by the FTCA. 28 U.S.C. § 2679(d)(1). "When the government moves for substitution, the Attorney General's certification, although subject to judicial review, is prima facie evidence that the employee's challenged conduct was within the scope of employ. *Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991). This places "'the burden of altering that status quo' . . . on the plaintiff, who must come forward with specific facts rebutting the government's scope-of employment certification." *Id.* at 1012 (citing *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir. 1990)). "If the issue is contested, plaintiff bears the burden of proving that the employee was not acting within the scope of employ. . .." *Brown*, 949 F.2d at 1012.

The United States should be substituted in this case for Defendant Luckett since Defendant Luckett received official certification from the Attorney General that he was acting within the scope of his employment as a federal employee, when the incident occurred. This is supported by the affidavit of Dr. Luckett and the submission of his W-2 form, which lists only the People's Health Center as his employer. It is undisputed, as evidenced by a letter from the Federal Government, that the People's Health Center receives federal grant money and therefore it, and it's employees, are covered by the FTCA. Plaintiff has failed to provide any specific facts

which rebut the evidence presented by Defendant Luckett; stating only that Plaintiff believes Defendant Luckett was not working as an employee of People's Health Centers at the time of the incident. Such conclusory allegations are not sufficient to rebut the government's certification. *See e.g. Brown*, 949 F.2d at 1012 (Conclusory allegations of bad or personal motive is insufficient to take the conduct outside the scope of employment under Iowa law.).

Plaintiff has failed to state any specific facts to refute the United States Attorney's certification and therefore the certification must stand. The United States is substituted as a Defendant in this action, and all claims against Defendant Luckett are dismissed.

**IV. MOTION TO REMAND**

**A. Legal Standard**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *Hart v. Terminex Int'l*, 336 F.3d 541, 541-42 (7th Cir. 2003) (stating that it was "regrettable" that the case had to be dismissed for lack of subject matter jurisdiction "rendering everything that has occurred in [the] eight years [of litigation] a nullity"). A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *Green v. Ameritide, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002); *In re Bus.*

5

*Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).

Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. *See In re Bus. Men's*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

**B. Discussion**

Defendants seek to have this action heard in federal district court, whereas Plaintiff seeks to have the case remanded back to state court, where she originally filed her petition. Plaintiff contends that there is no subject matter jurisdiction over Defendant St. Mary's because Defendant St. Mary's did not consent to the removal from state court. Furthermore, Plaintiff argues that since the entire case proceeds out of one wrong, the Defendants cannot be separated and thus the case against both Defendants should be remanded back to state court. Defendant Luckett acknowledges Plaintiff's argument, but points to an exception. When a case involves a defendant certified as acting as a federal employee, under the FTCA, at the time of the incident, then the case can be removed even without consent of the other defendants. Defendant further states that Defendant St. Mary's offered formal consent within the thirty day time limitation, providing an additional basis for denying Plaintiff's motion.

As an initial matter, the Court will address timeliness of Defendants Notice of Removal.

As a general rule a defendant must file a notice of removal in the district court within thirty days of being served with the initial pleading, or within thirty days of the action first becoming removable. 28 U.S.C. § 1446(b). Under FTCA the notice of removal can be filed at any time. 28 U.S.C. § 2679(d)(2). The FTCA states that "any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at *any time before trial* by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending." 28 U.S.C. § 2679(d)(2) (emphasis added). Furthermore, when the United States is a defendant, the district courts have exclusive jurisdiction. Therefore, Defendant Luckett filed his notice of removal within the appropriate time frame mandated by the FTCA.

Under the FTCA, a defendant that has been certified as a federal employee working in such capacity at the time of the alleged incident shall have their case removed to the appropriate district court. 28 U.S.C. § 2679(d)(2). Section 1442(a)(1) of Title 28 also provides authority to remove a state action to federal court when there is a federal employee involved. 28 U.S.C. § 1442(a)(1).[4] 28 U.S.C. § 1442(a)(1) creates an exception to the general removal rule under 28 U.S.C. §§ 1441 and 1446, which require that all defendants join in removal. *Akin v. Ashland*

---

[4]28 U.S.C. § 1442(a)(1) states:

(a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue.

7

*Chemical Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998). "This statutory exception allows a federal officer independently to remove a case to federal court even though that officer is only one of several named defendants." *Id.*

The Court concludes that removal was timely under the FTCA and that agreement of all Defendants was unnecessary. Defendant Luckett has been certified as acting as a federal employee at the time of the alleged negligence, making removal proper regardless of consent. However, the Court notes that Defendant St. Mary explicitly consented by filing a notice with this court on May 11, 2007. Therefore Plaintiff's Motion to Remand is denied.

## V. MOTION TO DISMISS

### A. Legal Standard

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to Plaintiff. *Gregory v. Dillard's*, 2007 WL 2067853, *14 (8th Cir. July 20, 2007). The Federal Rules do not require great precision in pleadings. *Id.* at *15. "The 'simplified notice pleading standard' under Fed. R. Civ. P. 8(a) requires only a statement that 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)) (alterations in original); *see also Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) ("The statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." (Internal citation and alteration omitted)). "Specific facts are not necessary. . .." *Erickson*, 127 S.Ct. At 2200. However, the factual allegations in the complaint must be more than "labels and conclusions" or "formulaic recitation of the elements of a cause of action."

8

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007); *see also Gregory*, 2007 WL 2067853 at *15.

### B. Defendant Luckett's Motion to Dismiss

The Court will next address Defendant Luckett's Motion to Dismiss.[5] Defendant Luckett argues that Plaintiff did not exhaust her administrative remedies before filing this action and therefore the case should be dismissed. Plaintiff offers no additional defense but asks the court to dismiss her claim without prejudice so she can file an administrative claim.[6]

28 U.S.C. § 2675(a) requires that any claim brought against the United States must first be heard in the appropriate agency.

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). A claim must be filed with the appropriate federal agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). However, § 2679 provides an exception to this time limitation:

> (5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a

---

[5]Defendant Luckett filed this Motion in the same document as his Motion to Substitute parties, addressed earlier in this opinion.

[6]Plaintiff's defense to Defendant Luckett's Motion to dismiss is that substitution is inappropriate in this case. Had the Court decided that substitution was inappropriate then Defendant's Motion to dismiss would also have been denied. However, the Court rules that Defendant's Motion to Substitute is granted, and therefore Plaintiff has no additional argument against Defendant Luckett' Motion to Dismiss.

9

claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if --(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5)(A)-(B).

Plaintiff has not presented her claim to any federal agancy, and therefore there has been no administrative claim which is a "jurisdictional prerequisite to judicial proceedings on a tort claim against the United States." *Jireh Consulting, Inc. v. United States*, 2005 WL 1474134 * 1 (E.D.Mo 2005)(citing *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996)). This requires dismissal of the FTCA action. *Id.* However, Plaintiff's injury occurred in September of 2004 and Plaintiff filed her complaint in August of 2006, thus meeting the two year deadline for filing a claim. *See* 28 U.S.C. § 2401(b). Once this case is dismissed without prejudice, 28 U.S.C. § 2679(d)(5)(B) allows Plaintiff to file an administrative claim within 60 days of the dismissal of this action.

**C. Defendant St. Mary's Motion to Dismiss**

Defendant St. Mary's argues that Count II should be dismissed because Missouri law requires a health care affidavit to be filed no later than 90 days after filing a petition in state court alleging medical malpractice, and Plaintiff has failed to timely file the requisite affidavit. Plaintiff pleads indigence and incarceration as reasons for not filing a health care affidavit in time. Plaintiff asks the court for additional time in which to file.

Missouri law requires a Plaintiff in a medical malpractice case to file a health care affidavit.

> In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such

10

> care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

Mo. Rev. Stat. § 538.255.1 (2006). "Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days." Mo. Rev. Stat. § 538.225.5.

The Supreme Court of Missouri has upheld the constitutionality of this law. *Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W.2d 503, 510 (Mo. 1991)("Section 538.225 works to unburden rather than burden the administration of justice, contrary to argument, and so does not unconstitutionally encroach upon that inherent function of the judiciary"). Some courts have found that financial inability is good cause for an extension of the filing time, however an affidavit still must be filed. *Smith v. Planned Parenthood of St. Louis Region*, 225 F.R.D. 233, 242 (E.D.Mo 2004)("Plaintiff's assertion of financial inability to obtain a professional opinion may constitute good cause, although Plaintiff cannot be excused from compliance with the statute for that reason").

Plaintiff relies on *Smith v. Planned Parenthood* and argues that the court allowed an additional 45 days, even though the case had been pending for over two years. *Id.* However *Smith* was applying an earlier version of the statute which states "[s]uch affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended." Mo.Rev.Stat. § 538.225.4 (2000). The current statute provides that the time allowed for good cause can be "extended for a period of time not to exceed an additional ninety days." Mo. Rev. Stat. § 538.225.5 (2006). The legislature added an absolute time period which cannot be exceeded.

11

Plaintiff has failed to file a health care affidavit within the given time provided by Missouri statute. Even if this Court allowed the extension for good cause, the time allowed, 180 days would still have expired. Defendant St. Mary's motion to dismiss for failure to file a health care affidavit is granted; Count II of Plaintiff's complaint is dismissed.

## VI. CONCLUSION

The United States is properly substituted in this action for Defendant Luckett because Defendant Luckett was certified as working under the scope of his employment as an employee of the United States when the incident occurred. Certification of Defendant Luckett as a Federal employee and substitution of the United States as the proper party provides a valid basis to assert this Court's federal question jurisdiction. However, the case against the United States should be dismissed without prejudice because the Plaintiff failed to file an administrative claim prior to this action, which is a prerequisite for jurisdiction. Plaintiff has sixty days, from the date of this order, to file the appropriate administrative claim. The case against Defendant St. Mary's should also be dismissed because Plaintiff has failed to file a health care affidavit in the time allowed by Missouri law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Mark Luckett's Motion to Dismiss for failure to file a health care affidavit [doc. # 4] is **GRANTED.**

**IT IS FURTHER ORDERED** the Defendant Luckett's Motion to Substitute and Motion to Dismiss for Failure to File an Administrative Claim [doc. # 6] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff Brown's Motion to Remand [doc. # 12] is **DENIED**.

Dated this <u>1st</u> day of <u>August,</u> 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE